CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 3 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PHILLIP E. JOHNSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv-00107 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DILLWYN CORR. CENTER, et. al., | ) | By: Hon. James C. Turk |
| Defendant(s). | ) | Senior United States District Judge |

Plaintiff Phillip C. Johnson, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Johnson alleges that the defendants, various prison officials at two institutions within the Virginia Department of Corrections (VDOC), are involved in a conspiracy with his wife, who has paid officers money to have Johnson's privileges restricted and has had sexual relations with many officers. As relief in this lawsuit, Johnson seeks clemency or a settlement of $50 million. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) as frivolous.[1]

I.

In his complaint, Johnson alleges the following sequence of events from which his unstated legal claims apparently arise. In May 2005, he filed a claim under the Virginia Tort Claims Act (VTCA) over an incident at Lawrenceville Correctional Center.[2] At that time, he was incarcerated

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[2] In an attachment, Johnson mentions an incident in which some unidentified parties solicited another inmate to attack Johnson with a weapon at Lawrenceville. Another woman to whom Johnson had proposed marriage while there also had affairs with prison officers.

1

at Dillwyn Correctional Center, where he became romantically involved with the mother of one of his fellow inmates. This woman helped him with the VTCA action, and they were married in September 2005 at Dillwyn. Ultimately, Johnson won a "substantial sum" of money as settlement of his VTCA claim. The money was paid out to his wife. Later, Johnson discovered that his wife was a member of the Eastern-Star Organization, affiliated with the Masons. This group had caused the original problem at Lawrenceville.

Johnson now believes that his wife has had sexual affairs with a number of officers at Dillwyn and at Nottoway Correctional Center, where he is currently incarcerated. He alleges that "without his knowledge," his wife allowed officers to have sexual relations and to interfere illegally with Johnson's "freedom and safety for illicit monetary gain." He fears for his life. His wife and officers at Dillwyn and Nottoway have allegedly told him about this conspiracy.[3]

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Under § 1915A, the district court has the authority to dismiss prisoner complaints as frivolous if they were based on "indisputably meritless legal theories" or "clearly baseless," or "fanciful," factual contentions. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989) (interpreting former version of § 1915(d)). Under this standard of frivolity, "a court is not bound,

---

[3] With his complaint, Johnson submitted a four-inch stack of informal requests and grievances that he filed to prison officials in 2006 in which he makes additional outrageous allegations about the conspiracy. He asserts, for example, that the legal settlement for $50 million that he received from the state on his VTCA claim has been stolen from him by his wife and prison officials.

2

as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

With this authority to "pierce the veil" of a plaintiff's allegations in determining the substantive merits of a complaint, the court concludes that Johnson fails to allege any factual basis for his rambling and delusional allegations. He fails to state any specific facts whatsoever on which he could prove the sexual affairs, the alleged payments to officers in exchange for restricting his privileges, or the alleged conspiracy to cause harm to him. See Woodrum v. Woodward County, Okl., 866 F.2d 1121 (9th Cir. 1989) (finding that court may dismiss § 1983 conspiracy claim if it fails to allege facts showing any agreement or meeting of minds among the defendants). He offers no affidavits or documentation to support his conclusory assertion that he has been "told" of the alleged violations, and his story is simply too fanciful to warrant further factual development.

For the stated reasons, the court is satisfied that Johnson cannot prove any set of facts consistent with his current allegations on which he would be entitled to relief under § 1983. Therefore, the court will summarily dismiss the complaint, pursuant to § 1915A(b)(1), as frivolous. An appropriate order shall be issued this day.[4]

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of

---

[4]Moreover, the correctional centers, whom he has named as defendants on the § 1983 form, are not "persons" subject to suit §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). On an attached VTCA claim form, he also names correctional officers. The allegations in the complaint, however, do not state constitutional claims against any of the named correctional officers, as he fails to demonstrate personal involvement by any of them. West, 487 U.S. at 48.

3

the date of entry of this opinion and the accompanying final order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 13th day of March, 2007.

/s/ James C. Turk
Senior United States District Judge

4